UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-22-TBR

HUBBARD, *et al.*,   PLAINTIFFS

v.

PAPA JOHN'S INTERNATIONAL, INC.,   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Papa John's International, Inc.'s Motion to Stay Under the First-To-File Rule and to Partially Dismiss Claims as Time-Barred, [DN 30], and Defendant's Motion to Stay Under the First-To-File Rule and Partial Motion to Dismiss Plaintiffs' Claims, [DN 45]. Fully briefed, these matters are ripe for adjudication. For the reasons stated herein: Defendant's Motion to Stay Under the First-To-File Rule and to Partially Dismiss Claims as Time-Barred, [DN 30], is DENIED AS MOOT and Defendant's Motion to Stay Under The First-To-File Rule and Partial Motion to Dismiss Plaintiffs' Claims, [DN 45], is GRANTED in part and DENIED in part.

**BACKGROUND**

On May 13, 2016, plaintiffs William Durling, Michael Morris, James Morton, Jr., Richard Sobol, Muhammad Sultan, and Tom Wolff filed a collective and class action complaint against Papa John's International ("PJI") in the Southern District of New York. *Durling v. Papa John's International, Inc.*, No. 7:16-CV-03592 (S.D.N.Y.); [DN 45-1 at 386]. The plaintiffs claimed that PJI "systematically under-reimbursed its delivery drivers for vehicular wear and tear, gas, and other driving-related expenses, thereby ensuring that all of PJI's delivery drivers are effectively

1

paid below minimum wage." [DN 45-3 at 417]. Plaintiffs brought a collective action pursuant to the Fair Labor Standards Act ("FLSA") on behalf of "[a]ll persons PJI employed as a delivery driver during any workweek in the maximum limitations period." *Id.* at 432. Plaintiff William Durling brought a class action pursuant to New York Labor Law; Plaintiff Mike Morris brought a class action pursuant to the Delaware Minimum Wage Act; Plaintiff James Morton, Jr. brought a class action pursuant to Pennsylvania Wage and Hour Law; and Plaintiff Tom Wolff brought a class action pursuant to New Jersey Wage and Hour Law. *Id.* at 434–36.

On July 20, 2018, the Southern District of New York conditionally certified a collective action against PJI consisting of those individuals employed as delivery drivers by corporate owned or controlled Papa John's stores. [DN 45-6 at 458]. On April 18, 2018, plaintiffs moved to amend their complaint to add Aaron Nelson, Joshua Boyland, and one other individual as additional named plaintiffs, alleging violations of Colorado, Illinois, and Missouri law on behalf of similarly situated delivery drivers. [DN 45-1 at 388]. However, on February 5, 2019, the Southern District of New York denied the motion to amend based on a lack of personal jurisdiction, finding no connection between the proposed plaintiffs and PJI's activities within New York. *Id.*

In response to this decision, the same attorneys representing the *Durling* Plaintiffs filed the current class action in the Western District of Kentucky. In this case, Plaintiffs Amanda Hubbard, Aaron Nelson, and Joshua Boyland allege that PJI under-reimbursed its delivery drivers for expenses related to their vehicles which resulted in payment below minimum wage in violation of Kentucky, Colorado, and Missouri's minimum wage laws. [DN 1]. In response, PJI filed a motion to stay the case pursuant to the first-to-file rule, arguing that to allow "this case to proceed concurrently with *Durling* would waste significant judicial resources and create a substantial risk of inconsistent rulings." [DN 30-1 at 151–52]. However, PJI's motion to stay became moot when

2

Plaintiffs subsequently filed an amended complaint. *See 10-Acious, Inc. v. Green Hills Ventures, LLC*, 2011 U.S. Dist. LEXIS 95677, *2 (W.D. Ky. Aug. 25, 2011) ("An amended complaint supersedes all previous complaints and becomes the only operative pleading. Thus, it renders moot any pending motion to dismiss the original complaint.").

Plaintiffs' amended class action complaint added Edgar Bustamante, Jacob Pontow, Milton Dearry, and Reynard Webb as named plaintiffs alleging violations of Florida, Illinois, Maryland, and Minnesota law on behalf of similarly situated delivery drivers residing in their respective states. [DN 30]. As a result, the following claims are currently before the Court: violation of Kentucky's Wage and Hour Law; violation of the Colorado Minimum Wage Act; breach of contract under Colorado law; unjust enrichment under Colorado law; violation of the Florida Minimum Wage Act; violation of the Illinois Minimum Wage Act; violation of the Illinois Wage and Payment Collection Act; breach of contract under Illinois law; unjust enrichment under Illinois law; violation of the Maryland Minimum Wage and Hour Law; violation of the Minnesota Fair Labor Standards Act; violation of the Minnesota Payment of Wages Act; breach of contract under Minnesota law; unjust enrichment under Minnesota law; breach of contract under Missouri law; and unjust enrichment under Missouri law. *Id.* at 348–69. Subsequently, PJI filed the second motion to stay pursuant to the first-to-file rule currently before the Court. [DN 45].

## LEGAL STANDARD

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.,* 16 Fed. App'x 433, 437 (6th Cir. 2001). "[W]hen actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d

535, 551 (6th Cir. 2007). The first-to-file rule "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). In the Sixth Circuit, courts apply the first-to-file rule by evaluating three factors: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* "If these three factors support application of the rule, the court must also determine whether any equitable considerations such as evidence of 'inequitable conduct, bad faith, anticipatory suits, [or] forum shopping,' merit not applying the first-to-file rule in a particular case." *Id.* (quoting *Certified Restoration*, 511 F.3d at 551–52).

## DISCUSSION

Defendant PJI requests the Court stay the current action pursuant to the first-to-file rule. [DN 45-1]. It asserts that *Hubbard* "should be stayed under the 'first-to-file' rule because it purports to bring state law minimum wage violations and common law claims premised on the exact same improper wage reimbursement theory as alleged in *Durling*, and because those claims are asserted on behalf of 11 different Rule 23 classes that overlap with the conditionally certified collective action in *Durling*." *Id.* at 393. Moreover, PJI claims "[h]aving two federal courts decide the same issues in both cases . . . would create the possibility of conflicting judgments and be a waste of judicial resources." *Id.* at 399. In response, Plaintiffs argue that the first-to-file rule is inapplicable because this Court is the first-filed court in regard to the chronology of events factor. [DN 48 at 302]. In addition to other equity-based arguments, Plaintiffs contend that courts have refused application of the first-to-file rule when another court has previously determined that it lacks jurisdiction over the claims at issues. *Id.* at 604.

1. **Chronology of Events**

4

The first factor the Court must consider in determining whether the first-to-file rule applies is the chronology of events. PJI argues that because *Durling* was filed on May 13, 2016, over three years prior to the filing of the current case, it is "plainly the first-filed action." [DN 45-1 at 395]. In response, Plaintiffs claim that when applying the first-to-file rule, "the first court is not the court in which claims were first filed, but rather the court in which jurisdiction first attaches to the claims." [DN 48 at 602]. Since the Southern District of New York lacked personal jurisdiction over Plaintiffs Nelson and Boylan's state law claims, Plaintiffs argue that this Court is the "first court" pursuant to the first-to-file rule. *Id.* at 602–03.

The Court is unpersuaded by Plaintiffs' interpretation of the first-to-file rule. The Sixth Circuit has held that "[t]he dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are filed." *Baatz*, 814 F.3d at 790. Jurisdictional issues are not considered in this inquiry. *See Zimmer Enterprises, Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 988 (S.D. Ohio 2007) ("Zimmer argues that the first-filed rule is concerned with a determination of which of the two courts first acquired jurisdiction, however, for purposes of the first-to-file chronology, the date that an original complaint is filed controls.") (internal citation omitted). Rather, "the 'chronology of events' factor simply asks which of the two overlapping cases was filed first." *Baatz*, 814 F.3d at 790. The *Durling* action was filed on May 13, 2016, while this case was filed on February 12, 2019. Since *Durling* was filed almost three years before this case, the first *Baatz* factor weighs in favor of applying the first-to-file rule.

### 2. Similarities of the Parties

Second, the Court must consider the similarities of the parties involved in the two cases. "The first-to-file rule applies when the parties in the two actions 'substantial[ly] overlap,' even if they are not perfectly identical." *Baatz*, 814 F.3d at 790. In class actions, courts "evaluate the

identity of the parties by looking at overlap with the putative class," even if one of the classes has not yet been certified. *Id.* at 790–91. "The Sixth Circuit has held that where [one] class is included in the [second] class, the plaintiffs substantially overlap, even if [the second] class has 'additional members.'" *Byler v. Air Methods Corp.*, No. 1:17 CV 236, 2017 WL 10222371, at *3 (N.D. Ohio Aug. 30, 2017) (quoting *Baatz*, 814 F.3d at 791). Thus, "it is of no consequence" that one "putative class is narrower" than the other. *Id.*

In this case, there is significant overlap between the parties. First, PJI is the only named defendant in each action. There are also similarities between each class of plaintiffs. The conditionally certified *Durling* class includes: "all delivery driver employees at corporate-owned Papa John's stores and jointly owned Papa John's stores where Defendant is the majority owner . . . ." [DN 45-1 at 391]. While the *Hubbard* Plaintiffs have yet to file a motion for class certification, the amended complaint indicates that each named Plaintiff seeks to represent all individuals employed at PJI's Papa John's stores as delivery drivers in their respective states within the maximum limitations period. [DN 40 at 327; 330; 333; 336; 339; 342; 345]. Therefore, it appears that the *Hubbard* class falls within the scope of the *Durling* class. In fact, as PJI notes, "five of the seven Named Plaintiffs in this action previously filed consents to join *Durling* before filing this suit," [DN 45-1 at 393, 395], and "3,054 of the [opted-in] members of the *Durling* collective action were employed by PJI at store locations in each of the jurisdictions at issue here, thus bringing them within the scope of the Rule 23 classes alleged in this case." *Id.* at 396. Plaintiffs do not dispute the similarities between the parties. Thus, the Court finds there is significant overlap between the parties involved in these cases.

3. **Similarities of the Issues or Claims at Stake**

Next, the Court must consider the similarity of the issues or claims at stake. "Just as with the similarity of the parties factor, the issues need only to substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791. "The issues need not be identical, but they must 'be materially on all fours' and 'have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* (quoting *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997)). Courts have found that "[t]he presence of additional issues does not necessarily preclude a finding of substantial similarity where 'the core claim is the same.'" *Honaker v. Wright Bros. Pizza Inc.*, No. 2:18-CV-1528, 2019 WL 4316797, at *1 (S.D. Ohio Sept. 11, 2019) (quoting *Watson v. Jimmy Johns, LLC*, No. 2:15-cv-786, 2015 WL 4132553, at *4 (S.D. Ohio July 8, 2015); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp.2d 686, 690 (E.D. Tenn. 2005) (finding the presence of an additional FLSA allegation insufficient to defeat substantial overlap of issues)).

In this case, Plaintiffs bring class action claims under Kentucky, Colorado, Florida, Illinois, Maryland, and Minnesota minimum wage laws, as well as state breach of contract and unjust enrichment claims. In *Durling*, Plaintiffs brought a collective and class actions alleging violations of the FLSA and New York, Delaware, Pennsylvania, and New Jersey minimum wage laws. Although these claims are brought under a variety of state and federal laws, Defendant argues that the primary issues in *Hubbard* and *Durling* are the same: whether "PJI failed to adequately reimburse delivery drivers for expenses thereby paying delivery drivers below the minimum wage." [DN 45-1 at 397]. Specifically, Defendant claims "plaintiffs have pleaded the exact same theory of relief, under the same set of alleged facts, and the question of whether delivery drivers were adequately reimbursed and paid minimum wage will be litigated and decided in both cases." *Id.* at 398. Plaintiffs do not dispute Defendant's argument that the claims in *Hubbard* and *Durling* substantially overlap.

As noted by the *Baatz* Court, "there is a paucity of Sixth Circuit case law explaining how to apply the first-to-file rule." *Baatz*, 814 F.3d at 789. This is true in situations where the underlying theory of the case is similar between two class actions, but plaintiffs have brought their claims under different state laws. In one such case before the Northern District of Ohio, the Ohio plaintiffs filed a collective and class action against Whole Foods Market alleging violations of the Fair Credit Reporting Act ("FCRA") and Ohio state laws while a similar collective and class action against Whole Foods Market was pending in Nevada pursuant to the FCRA and Nevada state laws. *Banus v. Whole Foods Mkt. Grp., Inc.*, No. 17-CV-2132, 2018 WL 549272, at *1 (N.D. Ohio Jan. 25, 2018). In determining the similarities of the issues under the first-to-file rule, the district court focused on whether "the determination of the first-filed action would leave little or nothing to decide in the later action." *Id.* at *2. Since the bulk of the plaintiff's claims were based on Ohio state law, the court determined it "would still need to decide the majority of [the] claims at the conclusion" of the Nevada case. *Id.* Therefore, the district court found that staying the case was not warranted, even though it acknowledged "the possibility that Defendant Whole Foods might suffer from inconsistent verdicts [regarding the] FCRA claim if one plaintiff were to prevail and the other does not." *Id.*

However, in *Byler v. Air Methods Corp.*, the Northern District of Ohio took a different approach. 2017 WL 10222371, at *3. In this case, plaintiffs brought a statewide class action against Air Methods Corporation pursuant to Ohio law while plaintiffs in a similar Colorado nationwide class action brought claims against Air Methods under Colorado and Pennsylvania law. *Id.* at *1–3. The court found the issues and claims of the parties substantially overlapped because both cases were based on the theory that the defendant failed to disclose the rates of its air ambulance service and charged unreasonable rates; the causes of actions in each case were the same; and both groups

of plaintiffs sought "substantially similar forms of relief." *Id.* at *4. Thus, the court found the similarities of the issues factor was satisfied. *Id.*

Courts outside the Sixth Circuit have taken a similar approach in finding substantial overlap between issues despite the fact that the claims were brought pursuant to different state laws. *See e.g.*, *Zampa v. JUUL Labs, Inc.*, No. 18-25005-CIV, 2019 WL 1777730, at *5 (S.D. Fla. Apr. 23, 2019) (finding substantial overlap between nationwide class action brought in the Northern District of California alleging defendant falsely and deceptively advertised e-cigarettes and a statewide class action bringing similar allegations pursuant to Florida law); *Wright v. Walden Univ., LLC*, No. CV 16-4037(DSD/DTS), 2017 WL 1435717, at *3 (D. Minn. Apr. 21, 2017) (finding significant overlap between suit asserting state law claims based on alternative state-wide classes in California, Georgia, Michigan, and Washington and suit asserting state law claims based on an alternative Ohio class). For example, courts in the Third Circuit have held that "finding an insubstantial overlap because of the fact that the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule." *Worthington v. Bayer Healthcare, LLC*, No. 11–3017, 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012). Moreover, in rejecting the plaintiff's argument that the first-filed rule was "inapplicable because the actions seek to apply different state law," the District Court of New Jersey reasoned:

> [T]he differences in the causes of action and remedies sought are insufficiently material to prevent application of the first-filed rule. The factual allegations underlying these claims are exactly the same. The plaintiffs in both cases accuse Unilever of misleading consumers by labeling ice cream containing alkalized cocoa as "all natural." Where two actions filed in different districts involve the same parties and the same issues, and "differ only as to the remedy sought," the first-filed rule applies. Again, overlapping subject matter is the key; exact identity of claims is not required. Indeed, in a class action situation such as this, it would be impossible for the claims to overlap exactly where the actions are brought in different states, and the purpose of the rule would be defeated. There would be nothing to stop plaintiffs in all 50 states from filing separate

9

> nationwide class actions based upon their own state's law. The Court finds that the first-filed rule applies . . . .

*Catanese v. Unilever*, 774 F. Supp. 2d 684, 689 (D.N.J. 2011). Additionally, Ninth Circuit "[c]ourts have found substantial overlap even where one suit involved additional substantive claims or claims arising under different states' laws." *Bedwell v. Braztech Int'l, LC*, No. 3:16-CV-00217 JWS, 2017 WL 2450160, at *4 (D. Alaska June 6, 2017) (collecting cases); *see Wallerstein v. Dole Fresh Vegetables, Inc*, 967 F. Supp. 2d 1289, 1297 (N.D. Cal. 2013) (finding "the thrust of the lawsuits is identical," where one class brought claims under New York, California, and other state laws, but the other case involved only California law).

Despite the fact that the *Hubbard* and *Durling* claims arise under different state laws, the Court finds there is substantial overlap among the issues presented. First, the *Hubbard* and *Durling* complaints allege nearly identical facts in support of their claims. [*See* DN 40; 45-3; 45-9]. Moreover, all of the claims are based on the theory that PJI failed to adequately reimburse delivery drivers for expenses, thereby paying delivery drivers below minimum wage. Additionally, the Plaintiffs' causes of action are similar given that they are each brought pursuant to their respective states' minimum wage laws. Although certain *Hubbard* Plaintiffs also allege breach of contract and unjust enrichment, these causes of action arise under the same core theory that PJI paid its delivery drivers below minimum wage. Furthermore, each Plaintiff seeks substantially similar relief in the form of monetary damages, attorney's fees and cost, pre-judgment and post-judgment interest, and any other special damages available pursuant to their particular states' minimum wage law.

Finally, the Court finds that failing to apply the first-to-file rule in this situation would defeat the purpose of the rule. In this case, the issue of whether PJI failed to adequately reimburse its delivery drivers for expenses, thereby paying delivery drivers below minimum wage would be

simultaneously before this Court and the Southern District of New York. This would present the possibility of inconsistent judgments and would frustrate the legitimate aim of preserving judicial economy. Substantially similar evidence would be presented in both actions and the parties would be forced to duplicate the discovery efforts which have been ongoing in *Durling* for the past three years. Therefore, this Court believes that the concerns of judicial comity and resource preservation further support a finding of substantial overlap.

### 4. Equitable Considerations

Since the *Baatz* factors support application of the first-to-file rule, the Court "must also determine whether any equitable considerations such as evidence of 'inequitable conduct, bad faith, anticipatory suits, [or] forum shopping,' merit not applying the first-to-file rule . . . ." *Baatz*, 814 F.3d at 789 (quoting *Certified Restoration*, 511 F.3d at 551–52). Plaintiffs put forth several arguments in support of their position that the first-to-file rule should not be applied in this case, including that informal coordination among attorneys would be sufficient to prevent prejudice or duplicative activities and that PJI should not be heard to complain of prejudice or duplicative proceedings given that it opposed Plaintiffs' attempts to bring their Colorado, Illinois, and Missouri state law claims in *Durling*. [DN 48 at 605–06]. However, the Court is not persuaded by these arguments and notes that PJI was well within its rights to oppose Plaintiffs' motion to amend their complaint in the Southern District of New York on personal jurisdiction grounds.

Additionally, Plaintiffs argue that a stay under the first-to-file rule is not appropriate when "another district determines that it lacks jurisdiction over the parties and/or claims." [DN 48 at 604]. Since the Southern District of New York found it lacked personal jurisdiction over certain *Hubbard* claims, Plaintiffs request the Court not impose a stay in this matter. *Id.* Similarly, in *Buffalo Wild Wings, Inc. v. BW Rings, LLC*, the plaintiff requested the court find the first-to-file

11

rule inapplicable because the first-filed court lacked personal jurisdiction over the franchisees named as defendants in the second-filed action. No. 2:10-CV-335, 2010 WL 4919759, at *4 (S.D. Ohio Nov. 29, 2010). The plaintiff argued "the lack of jurisdiction in the first-filed action over BW Rings and BWR OSU should preclude the first-to-file rule from applying because this is the only forum for it to obtain relief for the alleged additional injuries caused by the Defendant-franchisees." *Id.* The court found that "while the availability of jurisdiction in the first-filed forum is an important inquiry, here it is not the extraordinary circumstances that would weigh against enforcement of the first-to-file rule." *Id.* Rather, the court found that the requested stay was "the appropriate remedy, as doing so [would] not place into jeopardy Plaintiff's ability to seek relief against the present franchisees" once the first-filed action was completed. *Id.* Likewise, in this case, the Court finds that staying the current action will not jeopardize Plaintiffs' ability to seek relief against PJI pursuant to Kentucky, Colorado, Missouri, Florida, Illinois, Maryland, and Minnesota law. Thus, the Court will stay this case and resume the adjudication of the issues if any remain after the completion of the *Durling* litigation. To the extent that decisions made by the Southern District of New York are not determinative of all of the issues present herein, Plaintiffs may still have them heard in the present case at such time as that action is concluded.

Moreover, the Court will defer ruling on Defendant's motion to dismiss Plaintiffs' claims until such time the stay should be lifted.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED**: Defendant's Motion to Stay Under the First-To-File Rule and to Partially Dismiss Claims as Time-Barred, [DN 30], is **DENIED AS MOOT**; Defendant's Motion to Stay Under The First-To-File Rule [DN 45], is

**GRANTED**; and Defendant's Partial Motion to Dismiss Plaintiffs' Claims, [DN 45], is **DENIED** with leave to refile. This matter will be held in abeyance until further notice.

    **IT IS SO ORDERED.**

CC: Attorneys of Record